IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GENOVEVA FARFAN | § | |
| | § | |
| | § | |
| v. | § | 1:16cr33-HSO-JCG-1 |
| | § | 1:18cv72-HSO |
| | § | |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM OPINION AND ORDER DENYING GENOVEVA FARFAN'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255

BEFORE THE COURT is the Motion [18] of Genoveva Farfan ("Farfan") to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255. After due consideration of the Motion, related pleadings, the record, and relevant legal authority, the Court is of the opinion that Farfan is not entitled to relief and that her § 2255 Motion should be denied in accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (the "Section 2255 Rules") without the requirement of an answer by the United States Attorney and without an evidentiary hearing.

### I. FACTS AND PROCEDURAL HISTORY

On April 22, 2016, a two-count criminal Bill of Information [1] was filed. Each count of the Information charged that Farfan, aided and abetted by others known and unknown to the Grand Jury, knowingly possessed without lawful authority a means of identification of another person, during and in relation to a

violation of 18 U.S.C. § 1343, all in violation of 18 U.S.C. §§ 1028A and 2. On May 16, 2016, Farfan pleaded guilty to both counts of the Information.

On July 12, 2016, the Court sentenced Farfan to a 24-month term of imprisonment as to Count 1 of the Information, to run consecutively to the sentence imposed in Count 2ss in criminal case number 1:14cr33, and to a 24-month term of imprisonment as to Count 2 of the Information, with 12 months to run consecutively to and 12 months to run concurrently with the sentences imposed in Count 2ss in criminal case number 1:14cr33 and in Count 1 of the Information in this case. *See* July 12, 2016, Minute Entry. The Judgment was entered on July 18, 2016. J. [17] at 1-6. Farfan did not appeal.

On or about February 25, 2018, Farfan placed the present Motion pursuant to 28 U.S.C. § 2255 in the prison mailing system, *see* Mot. [18] at 10, and the Motion was filed of the record in this case on March 5, 2018, *see id.* at 1. Farfan asks the Court to reduce her sentence and/or place her on home confinement for the remainder of her sentence, or alternatively, to "parole [her] out of prison." *Id.* at 10.

In support of this request, Farfan cites as her first ground for relief personal reasons for seeking a reduced sentence and/or home confinement. *See id.* at 3-4. In her second and third grounds, Farfan appears to raise ineffective assistance of counsel claims. Farfan references her attorney's experience and asserts that he "wasn't very helpful," *id.* at 5, and states that she does not believe she was "represented properly," *id.* at 6. With respect to the timeliness of her Motion, Farfan states that "I wasn't advised or informed by my attorney and not made

aware that there was a motion I can submit or a time frame to it." *Id.* at 9.

## II. DISCUSSION

A.  Farfan's Motion was not filed within the applicable one-year limitations period.

Rule 4(b) of the Section 2255 Rules provides that

> [if] it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Section 2255 Rule 4(b).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "a one year statute of limitations governs habeas motions filed by federal inmates." *United States v. Wheaten*, 826 F.3d 843, 846 (5th Cir. 2016) (citing 28 U.S.C. § 2255(f)). Section 2255(f) provides that

> [t]he limitation period shall run from the latest of--
> (1)  the date on which the judgment of conviction becomes final;
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Under § 2255(f)(1), "[w]hen a defendant does not file a direct appeal, his conviction becomes final on the day when the time for filing a direct appeal expires." *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012).

-3-

In this case, Farfan has made no allegations which would implicate § 2255(f)(2), (f)(3), or (f)(4). Farfan's Judgment of conviction thus became final when the time for filing a direct appeal expired, which was on August 1, 2016. *See id.*; *see also* J. [564] at 1-6; Fed. R. App. P. 4(b)(1)(A). Farfan's § 2255 Motion, which was filed over one and a half years later, is untimely unless there is a basis for equitably tolling the statute of limitations.

B.   There is no basis to equitably toll the one-year limitations period.

The United States Court of Appeals for the Fifth Circuit has held that the one-year limitations period of the AEDPA "is not jurisdictional and, therefore, is subject to equitable tolling." *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008). "The decision whether to equitably toll the limitations period turns on the facts and circumstances of each case." *Id.* The Fifth Circuit has cautioned, however, that "equitable tolling is permitted only in rare and exceptional circumstances." *Id.* (quotation omitted).

Farfan "bears the burden of establishing equitable tolling is appropriate." *Id.* at 365.

> In order to satisfy his burden, [a movant] must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion.

*Id.* (quoting *Lawrence v. Florida*, 549 U.S. 327 (2007)).

The mere fact that a movant is proceeding *pro se* is insufficient to equitably toll the AEDPA statute of limitations. *Id.* The Fifth Circuit has held that lack of legal training, ignorance of the law, and unfamiliarity with the legal process are

-4-

also insufficient reasons for equitably tolling the AEDPA statute of limitations. *Id*. at 366. "Likewise, ineffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during post-conviction proceedings." *Id*.

Farfan alleges that she was not advised or informed by her attorney, and was not otherwise made aware, that she could file a § 2255 motion or of the deadline for filing any such motion. Mot. [18] at 9. Construing all of Farfan's allegations in her favor, she cannot demonstrate that some extraordinary circumstance stood in her way of timely filing a § 2255 motion. *See Petty*, 530 F.3d at 365-66. Because Farfan's Motion is untimely, it should be denied pursuant to Rule 4(b) of the Section 2255 Rules. *See United States v. Plascencia*, 537 F.3d 385, 390 (5th Cir. 2008) (affirming district court's *sua sponte* dismissal of § 2255 motion that was filed outside the one-year limitations period).

## III. CONCLUSION

For the foregoing reasons, it is clear from the Motion, related pleadings, and the record that Farfan is entitled to no relief, and the Court finds that Farfan's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 should be denied pursuant to Rule 4(b) of the Section 2255 Rules without an Answer by the United States Attorney and without an evidentiary hearing.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [18] of Defendant Genoveva Farfan to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 8th day of March, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE